# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>    *Plaintiff*,<br><br>v.<br><br>The UNITED STATES OF AMERICA; DAVID PEKOSKE, Acting Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    *Defendants*. | Civ. Action No. _____ |

# EXHIBIT C



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

January 21, 2021

David Pekoske
Acting Secretary, Department of Homeland Security
Washington, D.C. 20528
ogc@hq.dhs.gov
ogcexecsec@hq.dhs.gov
david.palmer@hq.dhs.gov
stephen.mccleary@hq.dhs.gov
sharmistha.das@hq.dhs.gov
*via email and certified mail, return receipt requested*

    Re:    DHS's Unlawful "Pause on Removals"

Dear Mr. Pekoske:

Yesterday you ordered a blanket halt on nearly all deportations of illegal aliens. This complete abdication of the Department of Homeland Security's ("DHS") obligation to enforce federal immigration law is unlawful and will seriously and irreparably harm the State of Texas and its citizens.

Specifically, your memorandum directed DHS to impose "an immediate pause on removals of any noncitizen with a final order of removal [subject to limited exceptions] for 100 days to go into effect as soon as practical and no later than January 22, 2021."[1] Should such a directive be legal or left unchallenged, DHS could attempt to renew that directive indefinitely or issue a similar directive for an even longer period of time. That would allow the Biden Administration to grant blanket amnesty to the vast majority of the illegal aliens in this country with the stroke of a pen and without congressional approval.

---

[1] Memo. from David Pekoske, *Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities* (Jan. 20, 2021), https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf (footnote omitted).

Letter to Acting Secretary Pekoske
January 21, 2021
Page 2

Border states like Texas pay a particularly high price when the federal government fails to faithfully execute our country's immigration laws. Your attempted halt on almost all deportations would increase the cost to Texas caused by illegal immigration. DHS itself has previously acknowledged that such a "pause on . . . removals" will cause "concrete injuries to Texas." *See* Agreement between Department of Homeland Security and the State of Texas ("Agreement") § 2.

As a result of that particularized interest in the effective operation of our immigration system, Texas has agreed to cooperate with the federal government in its execution of immigration enforcement. *See* Agreement. Your attempt to halt deportations violates our Agreement in multiple ways.

First, DHS is obligated to consult with Texas *before* reducing immigration enforcement, pausing removals, or declining to decrease the number of removable aliens residing in the United States. *See* Agreement §§ 2, 3.A. Prior to issuing yesterday's memorandum, however, DHS did not contact Texas at all, much less comply with the notice and consultation requirements of our Agreement. *See* Agreement § 3.A.2–3.

Second, DHS agreed "to prioritize the protection of the United States and its existing communities," including by "promot[ing] the return or removal from[] the United States of inadmissible and removable aliens." Agreement § 3.A.1. Needless to say, a broad "pause" on the removal of illegal aliens does not "promote . . . removal."

This letter serves as notice that Texas believes DHS has violated the Agreement; it is not a comprehensive list of the many legal defects in your memorandum. *See* Agreement § 8. Texas would like to resolve this dispute, but you must immediately rescind the January 20 Memorandum. DHS's failure to provide Texas with pre-implementation notice of the memorandum—combined with its quick implementation of the memorandum—makes waiting impracticable. We require an immediate response or we will seek relief to enjoin your order, as contemplated by the Agreement. Agreement § 6.

Letter to Acting Secretary Pekoske
January 21, 2021
Page 3

                                                Best regards,

*[signature: Ken Paxton]*

Ken Paxton
Attorney General of Texas

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548

cc:    The Honorable Greg Abbott, Governor of Texas
       1100 San Jacinto Boulevard, 4th Floor
       Austin, Texas 78701

       U.S. Customs and Border Protection
       Office of the Commissioner
       1300 Pennsylvania Ave. NW
       Washington, D.C. 20229

       U.S. Immigration and Customs Enforcement
       Office of the Director
       500 12th Street SW
       Washington, D.C. 20536

       U.S. Citizenship and Immigration Services
       Office of the Director
       5900 Capital Gateway Drive
       Suitland, Maryland 20746