# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| **STATE OF TEXAS,** § § *Plaintiff*, § § v. § **Civil Case No. 6:21-CV-00003** § **The UNITED STATES OF AMERICA;** § **DAVID PEKOSKE, Acting Secretary of** § **the United States Department of** § **Homeland Security, in his official** § **capacity; UNITED STATES** § **DEPARTMENT OF HOMELAND** § **SECURITY; TROY MILLER, Senior** § **Official Performing the Duties of the** § **Commissioner of U.S. Customs and** § **Border Protection, in his official capacity;** § **U.S. CUSTOMS AND BORDER** § **PROTECTION; TAE JOHNSON, Acting** § **Director of U.S. Immigration and** § **Customs Enforcement, in his official** § **capacity; U.S. IMMIGRATION AND** § **CUSTOMS ENFORCEMENT; TRACY** § **RENAUD, Senior Official Performing the** § **Duties of the Director of the U.S.** § **Citizenship and Immigration Services, in** § **her official capacity; U.S. CITIZENSHIP** § **AND IMMIGRATION SERVICES,** § § *Defendants*. § | |

## ORDER GRANTING PLAINTIFF'S EMERGENCY
## APPLICATION FOR A TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiff the State of Texas's Emergency Application for a Temporary Restraining Order ("TRO") filed on January 22, 2021. (Dkt. No. __). After carefully considering the briefing, the applicable law, and all matters properly before the Court, the Court finds that Texas has clearly showed that immediate and irreparable injury, loss, or damage will result to Texas if Defendants' acts are not immediately restrained. Further, the Court finds that

Texas has made a proper showing of (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the TRO will result in irreparable injury to the moving party; (3) the threatened injury outweighs any damages the injunction may cause Defendants; and (4) the injunction is in the public interest. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014); *Mayo Found. for Med. Educ. & Research v. BP Am. Prod. Co.*, 2:20-CV-34-Z, 2020 WL 759212, at *2 (N.D. Tex. Feb. 14, 2020).

The Court finds Texas has made a clear showing of irreparable harm in two ways. First, Defendant the Department of Homeland Security ("DHS") admitted that Texas policies like the January 20 Memorandum irreparably injure Texas. See DKT. No. __ at Ex. B § II. Specifically, DHS has admitted that "Texas, like other States, is directly and concretely affected by changes to DHS rules and policies that have the effect of easing, relaxing, or limiting immigration enforcement. Such changes can impact Texas's law enforcement, housing, education, employment, commerce, and healthcare needs and budgets." *Id*. Further, DHS admits that "a decrease or pause on returns or removals of removable or inadmissible aliens" would "result in concrete injuries to Texas." *Id*. And Texas faces particular harm because the rushed implementation of the January 20 Memorandum deprived Texas of the option of adjusting its policies in light of the federal shift. As DHS itself has acknowledged, "[t]he harm to Texas is particularly acute where its budget has been set months or years in advance and it has no time to adjust its budget to respond to DHS policy changes." Second, the increased financial expenditures will irreparably harm the State because it cannot recover those costs from the federal government. *See Texas v. United States*, 328 F. Supp. 3d 662, 737 (S.D. Tex. 2018) (explaining that the State's financial injury was irreparable because "there is no source of recompense").

Accordingly, to avoid irreparable harm and maintain the status quo, Texas's Emergency Application for a Temporary Restraining Order is **GRANTED**, and Defendants are hereby **ENJOINED** from implementing, or giving any effect to, DHS's January 20, 2021 Memorandum, subject title: "Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities" that mandates a 100-day "pause" of removals. See Dkt. No. __ at Ex. B. This Order is issued without notice due to the immediacy of harm that will be suffered by Texas that was caused by Defendants' January 20 Memorandum. Further, Texas's need to give security is **WAIVED**. Fed. R. Civ. P. 65(c).

Unless modified by a subsequent order from this Court, this Order expires 14 days after its entry.

It is SO ORDERED.

SIGNED this January 22, 2021 at __:__ PM (CST).

                                                                           _____
                                                                           **DREW B. TIPTON**
                                                              **UNITED STATES DISTRICT JUDGE**