UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:21-cv-00003 |
| UNITED STATES OF AMERICA, *et al.* | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S ADVISORY**

On January 24, 2021, Texas submitted an Advisory informing the Court of an "opinion" piece from a news network that claimed ICE was releasing noncitizens from detention in Texas. Undersigned counsel has conferred with officials at DHS, who advise that ICE has released a group of noncitizens with removal orders who did not meet any of the exceptions to the 100-day pause. ICE reports that the released individuals are part of a certified class in separate litigation, in which an injunction requires class members with specified COVID risk factors to be released.[1] *See generally Fraihat v. U.S. Immigration & Customs Enf't*, 445 F. Supp. 3d 709 (C.D. Cal. 2020), *order clarified*, No. EDCV191546JGBSHKX, 2020 WL 6541994 (C.D. Cal. Oct. 7, 2020).

These releases of noncitizens do not cause Texas irreparable harm; the releases were consistent with the authority DHS had prior to the issuance of the challenged Memorandum and any claim of injury by Texas remains speculative. Texas's argument is based on their implicit suggestion that the Immigration and Nationality Act mandates the detention of aliens subject to final orders of removal that have not yet been executed. *See* Advisory at 1–2 (ECF No. 6). Texas's understanding of

---

[1] Undersigned counsel have not been advised of any additional groups of noncitizens released by ICE or whether CBP has released any non-citizens.

-1-

immigration law is incorrect. Title 8 U.S.C. § 1231 governs the detention of aliens who are subject to final orders of removal. Section 1231(a) makes detention mandatory only for the initial 90-day removal period, *see* 8 U.S.C. § 1231(a)(2); after that period, the government "may"—not must—detain the alien. 8 U.S.C. § 1231(a)(6). Even within the 90-day removal period, moreover, the statute makes detention mandatory only for certain criminal and terrorist aliens, not for aliens in general. The relevant provision contains two sentences: "During the removal period, the [Secretary of Homeland Security] shall detain the alien. Under no circumstance during the removal period shall the [Secretary] release [certain terrorist and criminal aliens]." 8 U.S.C. § 1231(a)(2) (providing that "release" is unavailable for aliens "who ha[ve] been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title" only).

As explained in Defendant's opposition to Plaintiff's emergency application for a temporary restraining order, the word "shall" does not alter an agency's unreviewable prosecutorial discretion. Opp'n at x (ECF No. x) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 764–65 (2005); *Heckler v. Chaney*, 470 U.S. 821, 835 (1985)). Reading "shall" to impose a mandate in the first sentence of § 1231(a)(2) would make the second sentence superfluous. DHS has thus long read the second sentence to require the detention of terrorist and criminal aliens, and the first sentence to authorize but not require the detention of other aliens. *See Continued Detention of Aliens Subject to Final Orders of Removal*, 66 Fed. Reg. 56,967, 56,969 (Nov. 14, 2001); *cf. Town of Castle Rock*, 545 U.S. at 760–761 (2005). Consistent with that understanding, the Supreme Court has explained that Section 1231(a) only "mandates detention of *certain criminal aliens*" during the removal period. *Zadvydas v. Davis*, 533 U.S. 678, 698 (2001) (emphasis added).

Whether or not an alien is to be removed, nothing in section 1231(a) mandates their detention *unless* they are within a narrow class of certain terrorist and criminal aliens. 8 U.S.C. § 1231(a)(2). Texas's advisory does not advance its cause in seeking an unwarranted TRO.

Dated: January 25, 2021

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

AUGUST FLENTJE
Special Counsel

BRIGHAM J. BOWEN
Assistant Branch Director

 /s/ *Adam D. Kirschner*
ADAM D. KIRSCHNER
IL Bar. No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265
Fax: (202) 616-8460
Email: Adam.Kirschner@usdoj.gov
        Brian.C.Rosen-Shaud@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address
1100 L Street NW, Room 11020
Washington, D.C. 20005
*Attorneys for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov
*Local Counsel*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 25, 2021.

                                                  /s/ *Adam D. Kirschner*
                                                  ADAM D. KIRSCHNER