IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, *Plaintiff,* v. UNITED STATES OF AMERICA, *et al.*, *Defendants.* | Civ. Action No. 6:20-cv-00003 |

## ADVISORY TO THE COURT ADDRESSING BRIEFING SCHEDULE AND PRELIMINARY DISCOVERY ISSUES

The Court's January 26 Order granting Texas a temporary restraining order ("TRO") directed the parties to propose a briefing and discovery schedule for its consideration of a future motion for preliminary injunction ("PI Motion"). ECF 16 at 17–18. Texas and the Federal Defendants conferred telephonically on three occasions in an effort to reach an agreement regarding limited preliminary discovery and a proposed briefing schedule. The parties have been unable to reach an agreement regarding either issue. Thus, Texas files this notice of its proposed schedule that sets forth its proposal and outlines areas of disagreement for the Court's consideration.

*Expedited Discovery*

Defendants have refused to provide Texas with *any* information prior to its filing of a PI Motion. Texas has narrowly limited its requests at this stage to just three targeted categories of information, which are consistent with the information that this Court has already ordered the Federal Defendants to provide. Yet the

1

Federal Defendants will not agree to produce even the most basic information regarding their decision to issue the January 20 Memorandum, how they have enforced the Nation's immigration laws in the past, or how they are planning on implementing the directives contained in the January 20 Memorandum.

In their conferences, Texas requested just three narrow categories of information from the Federal Defendants:

(1) the relevant administrative record (if any), including anything the Federal Defendants claim is relevant to their decision set forth in the January 20 Memorandum;

(2) the nationwide and Texas-specific statistical information requested by the Court, including

- the number of people in custody for immigration violations;

- the number currently subject to final deportation orders;

- the number released from custody from January 20 to the present;

- the number released from custody who do not return for their hearing (limited to the 2 years prior to the January 20 Memorandum);

- the percentage of those subject to a final removal order who are actually removed (limited to the 2 years prior to the January 20 Memorandum); and

(3) emails within the Department of Homeland Security ("DHS") relating to policy implementation of the January 20 Memorandum, limited to communications from January 20 onward.

Defendants have refused to provide any additional materials that constitute the administrative record (Category 1). In its TRO, the Court found that Texas demonstrated a substantial likelihood of success on the merits of its claim that the issuance of the January 20 Memorandum was arbitrary and capricious due to the

"fail[ure] to consider potential policies more limited in scope and time." *See* ECF No. 16 at 10. It correctly held that "the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Id.* at 11 n.4 (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

Regarding the information in Category 2, Defendants refuse to provide those statistics to Texas prior to filing their opposition to the PI Motion. Since the Court has already ordered Defendants to provide it the materials in Category 2, Texas has simply requested access to that information prior to its filing of the PI Motion so that it can fully incorporate and address that information in its PI Motion. The Federal Defendants, however, would rather have the PI Motion devoid of such information that the Court requested and spring that information on the parties for the first time in their response. There is no need for such gamesmanship.

Finally, the Federal Defendants refuse to provide emails within DHS relating to implementation of the policy (Category 3). As the Court has already seen, such communications are critical to the practical effect of the January 20 Memorandum, *see* ECFs 6, 9, and the Court has already ordered one such email to be provided. ECF 14, *see also Phillips Petroleum Co. v. Johnson*, 22 F.3d 616, 619 (5th Cir. 1994) ("The label that the particular agency puts upon its given exercise of administrative power is not, for our purposes, conclusive; rather it is what the agency does in fact.") (cleaned up).

*Briefing Schedule*

The information described above would aid all parties' presentation of the weighty issues in front of the Court. Allowing time to develop a more fulsome factual record would also give the parties more time to refine the presentation of the legal arguments in their briefing.[1] However, the Federal Defendants will not agree to *any* extension of the Court's TRO.

In the face of the Federal Defendants' refusal to agree, Texas proposes that the Court extend the expiration of the TRO for an additional 14 days as allowed by Federal Rule of Civil Procedure 65(b)(2). As such, Texas suggests the following briefing schedule:

**February 4, 2021:** Defendants produce and file the administrative record (Category 1, listed above)

**February 8, 2021:** Texas's motion for preliminary injunction due

**February 12, 2021:** Defendants' submission of discovery to Texas (Categories 2 and 3, listed above)

**February 15, 2021:** Defendants' response in opposition due

**February 19, 2021:** Texas's reply in support due

**February 23, 2021:** Extended TRO expires; Court rules on PI Motion

---

[1] Based on the additional briefing of what are largely questions of law, the Court might be in a position to convert its consideration of the preliminary injunction into a final judgment on the merits as contemplated by Rule 65(a)(2). If so, the Court would not have to consider the geographic scope of any preliminary injunction, as the proper remedy would be a complete vacatur of the unlawful agency action. 8 U.S.C. § 706; *see also Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 165 (2010); *Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1022 (5th Cir. 2019) (citing *Checkosky v. SEC*, 23 F.3d 452, 491 (D.C. Cir. 1994)).

4

Understanding that the schedule even with that extension will be hurried, Texas agrees to file its PI Motion before the deadline for the Federal Defendants to provide the information referenced in Categories 2 and 3 in the prior section. However, Texas would reserve the right to supplement its briefing with additional information subsequently provided by the Federal Defendants. As Defendants have stated that they could file their response in opposition to the PI Motion by February 3, and would provide the information requested by the Court at that time, they should have no trouble meeting the discovery deadline set by this schedule.

In the alternative, if the Court is not inclined to extend the TRO, Texas proposes the following schedule:[2]

**February 2, 2021:** Texas's motion for preliminary injunction due

**February 5, 2021:** Defendants' response in opposition due

**February 8, 2021:** Texas's reply in support due

**February 9, 2021:** TRO expires, Court rules on PI motion

Under this scenario, Texas requests that it have the right to file a supplemental brief should Defendants' provision of the requested statistical information to the Court warrant a response.

---

[2] During a meet-and-confer held yesterday, the Federal Defendants insisted that the deadline for Texas's PI Motion should be tomorrow, Friday, January 29. In support of this assertion, they cited discussions during the Friday afternoon hearing—prior to the issuance of a TRO—and on the same date Texas filed its initial application for a TRO. The TRO in this case was issued on January 26, four days after that hearing. Since the under its current terms, the TRO is not set to expire until February 9, Texas seeks additional time to provide updated factual information and fulsome legal arguments for the Court's consideration.

Respectfully submitted this the 28th day of January, 2021,

        KEN PAXTON
        Attorney General of Texas

        BRENT WEBSTER
        First Assistant Attorney General

        */s/ Patrick K. Sweeten*
        PATRICK K. SWEETEN
        Associate Deputy Attorney General for
        Special Litigation

        TODD LAWRENCE DISHER
        Deputy Chief, Special Litigation Unit
        Texas Bar No. 24081854
        Southern District of Texas Bar No. 2985472

        WILLIAM T. THOMPSON
        Special Counsel
        Special Litigation Unit
        *Attorney-in-Charge*
        Texas Bar No. 24088531
        Southern District of Texas Bar No. 3053077

        RYAN D. WALTERS
        Special Counsel
        Texas Bar No. 24105085
        Southern District of Texas Bar No. 3369185

        Special Litigation Unit
        P.O. Box 12548
        Austin, Texas 78711-2548
        Phone: (512) 936-2567
        Fax: (512) 936-0545
        Patrick.Sweeten@oag.texas.gov
        Todd.Disher@oag.texas.gov
        Will.Thompson@oag.texas.gov
        Ryan.Walters@oag.texas.gov

        *Counsel for the State of Texas*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 28, 2021.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
