IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

|  |  |
|---|---|
| STATE OF TEXAS<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants*. | Case No. 6:21-cv-00003 |

**PROPOSED INTERVENORS' REPLY IN SUPPORT OF EMERGENCY MOTION TO INTERVENE**

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). As Proposed Intervenors previously explained, that is the case here, and intervention is warranted. *See* ECF No. 28. The United States does not object to intervention. Texas, for its part, does not dispute the lion's share of Rule 24's requirements. These issues should therefore be deemed conceded. And the two arguments Texas does make lack merit. Proposed Intervenors have satisfied the "minimal" burden of showing that the representation "may be" inadequate, so they are entitled to intervention as of right. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). And, in any event, there are very good reasons for the Court to exercise its discretion to permit intervention, and Texas can point to no considerations that warrant the denial of permissive intervention. The motion should therefore be granted.

**I.    PROPOSED INTERVENORS' INTERESTS MAY BE INADEQUATELY REPRESENTED.**

As Proposed Intervenors previously explained, the federal Defendants, which have their own institutional interests and must "represent the broad public interest," *Sierra Club*, 18 F.3d at 1208, may not adequately represent the particular interests of Proposed Intervenors and their clients and members. ECF No. 28 at 12-14. Texas primarily responds by contending that two "presumptions of adequate representation" apply to this motion. ECF No. 57 at 2. In fact, neither does—and even were they to apply, Proposed Intervenors have overcome them.

First, Texas cites a presumption of representation where an intervenor has "the same ultimate objective as a party." *Id*. (quoting *Texas*, 805 F.3d at 662-63). It argues that this presumption applies because both the Proposed Intervenors and the federal defendants "share the same overarching goal," defending the DHS Memo that Texas has sued to enjoin. *Id*. at 3-4. But the Fifth Circuit has squarely rejected that gloss. *Brumfield v. Dodd* held that this presumption "d[id] not apply" even though "both the state and the [intervenors]" "vigorously oppose[d] dismantling the voucher program" at issue. 749 F.3d 339, 345 (5th Cir. 2014). The presumption was inapplicable because the state had "many interests" at stake, including its relationship with the federal government, not shared by intervenors. *Id*. at 346.

Proposed Intervenors' interests likewise diverge from those of the federal Defendants in concrete, material ways. *See* ECF No. 28 at 13-14. For example, the federal government will be hesitant to put forward the harms of immigration enforcement actions Texas seeks to impose, including removal, as it is the federal government itself that takes such enforcement actions. *See id.* And even to the extent Defendants acknowledge those harms, they will do so from a fundamentally different perspective. Proposed Intervenors seek to ensure that the harms imposed by injunctive relief are fully presented for consideration (including with evidence—which cannot be submitted through amicus participation). Additionally, the government may be unwilling to argue for limits on its

authority to enter into certain agreements. *See id*. Consequently, as in *Brumfield*, the presumption does not apply.

Texas seeks to distinguish *Brumfield* by noting that the intervenors there had staked out a different legal position than the state. ECF No. 57 at 6. That misunderstands *Brumfield*, which held that, even assuming the presumption's applicability, divergent legal positions were "enough to *rebut*" it. 749 F.3d at 346. Similarly, here, even were the presumption applicable (which it is not), it would be rebutted because of the divergent interests and arguments mentioned above. That such contrary arguments had *previously* been made in *Brumfield* (a backward-looking appeal) is not relevant; intervention is necessarily predictive, and certainty is not required to establish inadequacy. *See id.*; *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) ("Because intervention necessarily occurs before the litigation has been resolved, the [intervenor] need only show that the representation *may* be inadequate.").

The second presumption of adequacy Texas advances is also inapplicable. Indeed, Texas simply assumes that the federal government is "*charged by law* with representing the interests" of Proposed Intervenors and their members and clients. ECF No. 57 at 2 (quoting *Texas*, 805 F.3d at 661) (emphasis added). But this presumption applies only "where one party is a representative of the absentee by law," not in every instance when intervention is sought on the same side as a governmental entity. *Entergy Gulf States Louisiana, L.L.C. v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (quoting *Brumfield*, 749 F.3d at 345, and finding the presumption inapplicable absent a showing "that EPA is a representative of Sierra Club by law"); *see also Wal-Mart*, 834 F.3d at 569 n.7 (5th Cir. 2016) (*Entergy* "clarified" the presumption's scope). As previously explained, the federal government initially placed Proposed Intervenors' clients and members in immigration proceedings and would be *effectuating* their removals. *See generally* ECF No. 28 at 2-4. In these respects, Proposed Intervenors' interests are directly *opposed* to the federal government's, which cannot be their representative by law.

3

Moreover, even if this presumption applied, Proposed Intervenors have overcome it by showing "adversity of interest"—"that [Defendants'] interests diverge from [Proposed Intervenors'] in a manner germane to the case." *Texas*, 805 F.3d at 662. The federal role in enforcement "limits the range of arguments it can advance." *Wal-Mart Stores, Inc.*, 834 F.3d at 569. That is enough to rebut this presumption as well.

Texas attempts to contest these examples of divergent interests and their potential effects on the litigation. For example, Texas dismisses Proposed Intervenors' showing that the federal Defendants are unlikely to rely on the harms of enforcement and deportation as "speculation as to future contingencies." ECF No. 57 at 7. But, again, that argument misunderstands the predictive question before the Court: A court need not "say for sure" that a party's divergent interests "will *in fact* result in inadequate representation"; "all that the rule requires" is a showing that "they might." *Brumfield*, 749 F.3d at 346. Proposed Intervenors have made that showing.

Plaintiff relies heavily on *Texas* for its presumption arguments, but the *Texas* court merely assumed "*arguendo* that one or both presumptions apply," and held they were rebutted by a showing of divergent interests. 805 F.3d at 662-63. As explained above, the same is true here. Texas likewise relies on *Hopwood v. Texas*, 21 F.3d 603 (5th Cir. 1994). But there intervenors invoked the state's broader interests "at a high level of generality" without explaining their effect "on the state's defense." *Texas*, 805 F.3d at 662 (discussing *Hopwood*). Here, Proposed Intervenors have drawn a clear line from divergent interests to anticipated impacts on the course of the litigation. And Texas's other cases are further afield. *See Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs*, 493 F.3d 570, 579 (5th Cir. 2007) (rejecting inapposite intervention arguments regarding relationship between two governmental entities); *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) (rejecting intervention to assert constitutional defenses because existing party could assert them); *Doe v. Duncanville ISD*, 994 F.2d 160, 168 (5th Cir. 1993) (rejecting intervention on timeliness grounds and only tentatively addressing adequacy).

Particularly in light of "the broad policy favoring intervention," *Wal-Mart Stores, Inc.*, 834 F.3d at 569, requiring any doubt to be "resolved in favor of the proposed intervenor," *Entergy*, 817 F.3d at 203, Proposed Intervenors are entitled to intervention as of right.

## II.  PERMISSIVE INTERVENTION SHOULD BE GRANTED.

As Texas appropriately recognizes, permissive intervention is within the Court's broad discretion.  *Franciscan Alliance v. Azar*, 414 F. Supp. 3d 928, 940 (N.D. Tex. 2019) (granting permissive intervention to nonprofit organizations with affected members, to defend a medical nondiscrimination regulation).  As with intervention as of right, "permissive intervention should be liberally construed."  *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, 179 F. Supp. 3d 656, 667 (E.D. La. 2016).  In *East Texas Baptist University v. Sebelius*, for example, a Court in this district granted permissive intervention where, "[a]lthough [the intervenor's] and the existing plaintiffs' interests are very similar, [the intervenor]'s involvement w[ould] add a different perspective that w[ould] contribute to the development of the issues."  2013 WL 4678016 at *6 (S.D. Tex. Aug. 30, 2013).

Here, Proposed Intervenors will significantly contribute to development of the underlying issues.  Proposed Intervenors have extensive experience and familiarity with orders of removal, detention, and paths to post-removal-order immigration relief.  *See* ECF No. 28 at 2-6.  This Court has asked the parties questions throughout these proceedings regarding aspects of immigration law and agency practice with which Proposed Intervenors are deeply familiar.  For example, at the hearing regarding the motion for a temporary restraining order, this Court asked whether and how DHS can decline to execute a removal order.  Tr. of Jan. 22, 2021 Hearing at 43.  Proposed Intervenors have experience with stays of removal and permanent immigration relief following the issuance of a final order.  This includes insights from members' and clients' experiences with the process by which many people with final removal orders live in the community on orders of

supervision for years, as well as relevant types of immigration relief.  ECF 28-1 (Espinosa Decl.) ¶¶ 8-9; ECF 28-2 (Garza Decl.) ¶¶ 4, 11.  Proposed Intervenors' insights and evidence will facilitate a complete and robust presentation of the issues.  Moreover—contrary to Texas's assertions—Proposed Intervenors bring a critical new perspective to this litigation, including arguments that otherwise would not adequately be advanced.  As described above, Proposed Intervenors seek to ensure the harms of injunctive relief are fully presented for consideration.

The cases Texas cites, in which the Fifth Circuit upheld district court decisions exercising discretion to deny intervention, are inapposite.  The question here is simply whether there are good reasons to grant intervention, without the "exceedingly deferential" overlay which Texas admits is so important in the appellate context.  ECF No. 57 at 8 (internal quotation marks omitted); *see, e.g.*, *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471, 473 (5th Cir. 1984) (en banc) (emphasizing the "most restrictive" standard of review).  Nor, as Texas claims, would adequacy of representation—which is not mentioned in the permissive Rule—foreclose permissive intervention.  Instead, representation is merely one of many factors courts may consider, as Texas's cases demonstrate.  *See, e.g.*, *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 416 (5th Cir. 1991) (noting other reasons for denial); *Staley v. Harris Cty.*, 160 F. App'x 410, 414 (5th Cir. 2006) (unpublished) (same).

Ultimately, Texas's argument comes down to purported delay and burden.  But Proposed Intervenors' involvement will not delay this case; indeed, their opposition to preliminary injunction would be filed at the same time as the federal Defendants'.  ECF No. 44 at 3.  As for burden, the core of Texas's objection appears to be the need to respond to Proposed Intervenors'

6

briefing.[1]  Of course, were Texas correct that Proposed Intervenors contribute "no new issues," ECF No. 57 at 8, that would minimize any burden regarding response.  But, in reality, Proposed Intervenors bring different arguments, evidence, perspective, and emphasis to bear, which will aid the Court in resolving this case.  While Texas will need to grapple with those issues in its briefing, that is not *undue* burden—indeed, it is the whole point of intervention.[2]  Permissive intervention will aid the just resolution of the issues in this case and is warranted.

## CONCLUSION

This Court should grant the motion.

//

---

[1] Texas also mentions discovery, but Proposed Intervenors do not intend to seek any discovery at this stage beyond copies of disclosures made between the parties pursuant to the Court's orders.  As discussed in prior hearings, it is doubtful that any later discovery will be conducted.

[2] Intervention in *United States v. S. Fla. Water Mgmt. Dist.* might have caused "further deterioration of the Everglades" during the resulting delay.  922 F.2d 704, 712 (11th Cir. 1991).  No such harm is at stake here.

7

                                        Respectfully submitted,

| | |
|---|---|
| Omar C. Jadwat* | /s/ *Andre Segura* |
| Michael Tan** | Andre Segura (Attorney-In-Charge) |
| Anand Balakrishnan* | (Tex. 24107112; S.D. Tex. 3123385) |
| Noor Zafar** | Kathryn Huddleston** |
| AMERICAN CIVIL LIBERTIES UNION | AMERICAN CIVIL LIBERTIES UNION |
| FOUNDATION, IMMIGRANTS' RIGHTS PROJECT | FOUNDATION OF TEXAS, INC. |
| 125 Broad Street, 18th Floor | 5225 Katy Fwy., Suite 350 |
| New York, NY 10004 | Houston, Texas 77007 |
| (212) 549-2600 | (713) 942-8146 |
| ojadwat@aclu.org | asegura@aclutx.org |
| mtan@aclu.org | khuddleston@aclutx.org |
| abalakrishnan@aclu.org | |
| nzafar@acutx.org | |
| | *pro hac vice forthcoming |
| Cody Wofsy** | **admitted pro hac vice |
| Spencer E. Amdur** | |
| AMERICAN CIVIL LIBERTIES UNION | |
| 39 Drumm Street | |
| San Francisco, CA 94111 | |
| Telephone: (415) 343-1198 | |
| cwofsy@aclu.org | |
| samdur@aclu.org | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing reply via the Court's ECF filing system.

                                                                                       */s/ Andre Segura*
                                                                                       Andre Segura

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the total number of words in this motion, exclusive of the matters designated for omission, is 1,982 words as counted by Microsoft Word Software.

                                                                                   */s/ Andre Segura*
                                                                                 Andre Segura