# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, *Plaintiff*, v. UNITED STATES OF AMERICA, *et al.*, *Defendants*, and FIEL HOUSTON and REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, *Intervenor-Defendants*. | Case No. 6:21-cv-00003 |

## PROPOSED ANSWER OF INTERVENORS

Proposed Intervenors, FIEL Houston and Refugee and Immigrant Center for Education and Legal Services ("RAICES"), file this Answer in response to Plaintiff's Complaint, as follows:

### INTRODUCTION

1. In response to Paragraphs 1-2 of the Complaint, Intervenors deny the allegations.

1

# I. PARTIES

2. In response to Paragraphs 3-4 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

3. In response to Paragraph 5 of the Complaint, Intervenors deny the allegations.

4. In response to Paragraph 6 of the Complaint, Intervenors admit the allegations.

5. In response to Paragraph 7 of the Complaint, the allegations are legal conclusions to which no response is required.

6. In response to Paragraphs 8-12 of the Complaint, the allegations include legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors admit the allegations.

# II. JURISDICTION AND VENUE

7. In response to Paragraphs 13-15 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

# III. FACTUAL BACKGROUND

**A. The Agreement**

8. In response to Paragraphs 16-17 of the Complaint, the allegations include legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

2

9.      In response to Paragraphs 18-22 of the Complaint, which quote a purported agreement between Plaintiff and the Department of Homeland Security that Plaintiff submitted at ECF No. 1-1, that document speaks for itself. To the extent Paragraphs 18-22 contain any additional factual allegations, Intervenors deny the allegations.

10.     In response to Paragraph 23 of the Complaint, which references ECF No. 1-1, that document speaks for itself. In response to the other allegations in Paragraph 23 of the Complaint, Intervenors are without sufficient knowledge or information to admit or deny the allegations and therefore deny the allegations.

**B. The January 20 Memorandum**

11.     In response to Paragraph 24 of the Complaint, which quotes a memorandum that Plaintiff submitted at ECF No. 1-2, that document speaks for itself. To the extent Paragraph 24 contains any additional factual allegations, Intervenors admit the allegations.

12.     In response to Paragraph 25 of the Complaint, which quotes ECF No. 1-2, that document speaks for itself. To the extent Paragraph 25 contains any additional factual allegations, Intervenors denies the allegations.

13.     In response to Paragraph 26 of the Complaint, Intervenors deny the allegations.

14.     In response to Paragraph 27 of the Complaint, which quotes ECF No. 1-2, that document speaks for itself. To the extent Paragraph 27 contains any additional factual allegations, Intervenors admit the allegations.

15.     In response to Paragraph 28 of the Complaint, Intervenors are without sufficient knowledge or information to admit or deny the allegations and therefore deny the allegations.

3

16. In response to Paragraph 29 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors admit that no formal notice-and-comment proceedings occurred, and otherwise deny the allegations.

17. In response to Paragraph 30 of the Complaint, Intervenors deny the allegations.

### C. Imminent and Irreparable Harms to Texas

18. In response to Paragraphs 31-33 of the Complaint, which quote ECF No. 1-1, that document speaks for itself. To the extent Paragraphs 31-33 contain any additional factual allegations, Intervenors deny the allegations.

19. In response to Paragraphs 34-36 of the Complaint, Intervenors are without sufficient knowledge or information to admit or deny the allegations and therefore deny the allegations.

20. In response to Paragraph 37 of the Complaint, Intervenors deny the allegations.

## IV. CLAIMS

### COUNT I

### Failure to Provide Notice to and Consult with Texas

21. In response to Paragraph 38, Intervenors incorporate by reference all preceding paragraphs.

22. In response to Paragraph 39 of the Complaint, Intervenors are without sufficient knowledge or information to admit or deny the allegations and therefore deny the allegations.

4

23. In response to Paragraphs 40-42 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

## COUNT II

### Failure to Remove Illegal Aliens in Violation of 8 U.S.C. § 1231

24. In response to Paragraph 43, Intervenors incorporate by reference all preceding paragraphs.

25. In response to Paragraphs 44-45 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

26. In response to Paragraphs 46-47 of the Complaint, which quotes ECF No. 1-2, that document speaks for itself. The other allegations in Paragraphs 46-47 are legal conclusions to which no response is required. To the extent that an answer is required regarding any other factual allegations, Intervenors deny the allegations.

27. In response to Paragraphs 48-49 of the Complaint, the allegations are legal conclusions to which no response is required.

## COUNT III

### Failure to Take Care that the Laws be Faithfully Executed

28. In response to Paragraph 50, Intervenors incorporate by reference all preceding paragraphs.

5

29. In response to Paragraphs 51-52 of the Complaint, the allegations are legal conclusions to which no response is required.

30. In response to Paragraphs 53-55 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

31. In response to Paragraphs 56-57 of the Complaint, the allegations are legal conclusions to which no response is required.

## COUNT IV

### Arbitrary and Capricious Agency Action

32. In response to Paragraph 58, Intervenors incorporate by reference all preceding paragraphs.

33. In response to Paragraph 59 of the Complaint, the allegations are legal conclusions to which no response is required.

34. In response to Paragraph 60 of the Complaint, which quotes ECF No. 1-1, that document speaks for itself. To the extent Paragraph 60 contains any additional factual allegations, Intervenors deny the allegations.

35. In response to Paragraphs 61-64 of the Complaint, Intervenors deny the allegations; Paragraphs 61-64 also contain legal conclusions to which no response is required.

## COUNT IV

### Failure to Follow the Requirements of Notice-and-Comment Rulemaking

36. In response to Paragraph 65, Intervenors incorporate by reference all preceding paragraphs.

37. In response to Paragraphs 66 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

38. In response to Paragraph 67 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors admit that no formal notice-and-comment proceedings occurred, and otherwise deny the allegations.

## COUNT V

### Failure to Promote the Removal of Illegal Aliens

39. In response to Paragraph 68, Intervenors incorporate by reference all preceding paragraphs.

40. In response to Paragraph 69 of the Complaint, which quotes ECF No. 1-1, that document speaks for itself. To the extent Paragraph 69 contains any additional factual allegations, Intervenors deny the allegations.

41. In response to Paragraphs 70-72 of the Complaint, the allegations are legal conclusions to which no response is required. To the extent that an answer is required regarding any factual allegations, Intervenors deny the allegations.

7

## V. PRAYER FOR RELIEF

42. The allegations contained in this section of the Complaint consist of Plaintiff's request for relief, to which no response is required, but insofar as an answer is deemed required, Intervenors deny that Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction.

2. This suit is barred by sovereign immunity.

3. Venue is improper.

4. Plaintiff fails to state a claim upon which relief may be granted.

5. The purported agreement between Plaintiff and the Department of Homeland Security is void, invalid, and unenforceable.

6. The Department of Homeland Security and any person purporting to sign on its behalf had no authority to enter into the purported agreement with Plaintiff.

7. Plaintiff lacks standing under Article III of the U.S. Constitution and cannot demonstrate irreparable injury.

8. Plaintiff's claims may be barred in whole or in part under unclean hands.

9. Plaintiff's alleged injuries were caused by third parties.

10. Intervenors have, or may have, additional affirmative defenses that are not yet known but may become known through future discovery. Intervenors assert each and every affirmative defense as may be ascertained.

Respectfully submitted,

| | |
|---|---|
| Omar C. Jadwat* | /s/ *Andre Segura* |
| Michael Tan* | Andre Segura (Attorney-In-Charge) |
| Anand Balakrishnan* | (Tex. 24107112; S.D. Tex. 3123385) |
| Noor Zafar* | Kathryn Huddleston* |
| AMERICAN CIVIL LIBERTIES UNION | AMERICAN CIVIL LIBERTIES UNION |
| FOUNDATION, IMMIGRANTS' RIGHTS PROJECT | FOUNDATION OF TEXAS, INC. |
| 125 Broad Street, 18th Floor | 5225 Katy Fwy., Suite 350 |
| New York, NY 10004 | Houston, Texas 77007 |
| (212) 549-2600 | (713) 942-8146 |
| ojadwat@aclu.org | asegura@aclutx.org |
| mtan@aclu.org | khuddleston@aclutx.org |
| abalakrishnan@aclu.org | |
| nzafar@acutx.org | |

Cody Wofsy*
Spencer E. Amdur*
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-1198
cwofsy@aclu.org
samdur@aclu.org

*pro hac vice forthcoming