# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-cv-00003 |
| | § | |
| **The UNITED STATES OF AMERICA;** | § | |
| **DAVID PEKOSKE,** Acting Secretary of | § | |
| The United States Department of Homeland | § | |
| Security, in his official capacity; | § | |
| **UNITED STATES DEPARTMENT OF** | § | |
| **HOMELAND SECURITY; TROY** | § | |
| **MILLER,** Senior Official Performing the | § | |
| Duties of the Commissioner of U.S. Customs | § | |
| and Border Protection, in his official | § | |
| capacity; **U.S. CUSTOMS AND BORDER** | § | |
| **PROTECTION; TAE JOHNSON,** Acting | § | |
| Director of U.S. Immigration and | § | |
| Customs Enforcement, in his official | § | |
| capacity; **U.S. IMMIGRATION AND** | § | |
| **CUSTOMS ENFORCEMENT; TRACY** | § | |
| **RENAUD,** Senior Official Performing the | § | |
| Duties of the Director of the U.S. Citizenship | § | |
| And Immigration Services, in her official | § | |
| capacity; and **U.S. CITIZENSHIP** | § | |
| **AND IMMIGRATION SERVICES,** | § | |
| | § | |
| Defendants. | § | |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

Pending before the Court is the State of Texas's request for a 14-day extension of the Temporary Restraining Order entered by the Court on January 26, 2021 (the "TRO"). (Dkt. No. 31 at 4; Dkt. No. 52 at 49–54). The Defendants oppose this request. (Dkt. No. 30 at 1–3). Having considered the pleadings on this issue, the record, the arguments of counsel at the January 29, 2021 hearing, and the applicable law, the Court **GRANTS** Texas's request for an extension of the TRO.

**I.     BACKGROUND**

The State of Texas requested a TRO to enjoin the Defendants from executing an immediate 100-day pause on the removal of "any noncitizen with a final order of removal." (Dkt. No. 2 at 4). The 100-day pause was implemented through a Department of Homeland Security Memorandum dated January 20, 2021 (the "January 20 Memorandum"). (Dkt. No. 2-2). On January 26, 2021, the Court granted this request and ordered, in relevant part:

> 1. Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby ENJOINED and RESTRAINED from enforcing and implementing the policies described in the January 20 Memorandum in Section C entitled "Immediate 100-Day Pause on Removals."
>
> 2. This TRO is granted on a nationwide basis and prohibits enforcement and implementation of the policies described in the January 20 Memorandum in Section C entitled "Immediate100-Day Pause on Removals" in every place Defendants have jurisdiction to enforce and implement the January 20 Memorandum.

(Dkt. No. 16 at 17).

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court ordered the TRO to be in effect for 14 days, meaning it would lapse on February 9, 2021. (*Id*. at 2). Texas now requests that the Court extend the TRO for an additional 14 days pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 31 at 4; Dkt. No. 52 at 49–54). The Defendants oppose this request and assert that the TRO should expire on February 9, 2021. (Dkt. No. 30 at 1–3). At a January 29, 2021 hearing on the briefing schedule for the preliminary injunction phase, the Court considered the Parties' arguments and stated there was a "real problem with being able to develop the record within 14 days." (Dkt. No. 52 at 67–68). A day after the hearing, the Court entered a Scheduling Order that contemplated a briefing and discovery schedule extending beyond February 9, 2021, the 14th day of the TRO. (Dkt. No. 44). In light of this procedural history and

the following analysis, the Court finds there is good cause to extend the TRO for 14 days until February 23, 2021.

## II.     ANALYSIS

Rule 65 of the Federal Rules of Civil Procedure authorizes a court to extend a temporary restraining order once for a period of 14 days if the Court finds that "good cause" justifies such an extension. FED. R. CIV. P. 65(b)(2).[1] Federal courts in the Fifth Circuit have concluded "good cause" exists to justify an extension for many reasons, such as to allow sufficient time for discovery, for scheduling considerations, to accommodate the court's need for additional time to fully consider a preliminary injunction motion, and where an enjoined party suffered no harm. *See Xtria, LLC v. Int'l Ins. All., Inc.*, No. 309-CV-2228, 2009 WL 4756365, at *5 (N.D. Tex. Dec. 11, 2009) (finding issues pertaining to discovery "constitute good cause for extension of the TRO."); *WaterFleet LLC v. TanMar Rentals, LLC,* No. SA-19-CV-01190, 2019 WL 9197838, at *2 n.1 (W.D. Tex. Oct. 24, 2019) ("To the extent a preliminary injunction hearing cannot practicably be set before the expiration of this temporary restraining order, the pending preliminary injunction hearing may be considered in evaluating good cause to extend this temporary restraining order."); *Sec. & Exch. Comm'n v. AriseBank*, No. 3:18-CV-186, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) ("Courts have found good cause to extend TROs, for example, where the court needed time to fully consider the various arguments and motions of the parties[,] where the moving party needed additional time to prepare and present its preliminary injunction, . . . and where the moving

---

[1] Rule 65(b)(2) provides in pertinent part:
> The [TRO] expires at the time after entry–not to exceed 14 days–that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

FED. R. CIV. P. 65(b)(2).

party was continuing to attempt to serve the defendants and obtain more information about the case." (alteration and ellipsis added) (quotation and citations omitted)) (collecting cases); *Elepreneurs Holdings, LLC v. Benson*, No. 4:21-CV-00026, 2021 WL 134098, at *2 (E.D. Tex. Jan. 14, 2021) (granting plaintiffs' motion for extension because such "an extension . . . is warranted because Defendants do not appear to have been harmed by the grant of the present temporary restraining order.").

The Court finds good cause exists to extend the TRO for 14 days for four independent reasons. First, as stated at the January 29, 2021 hearing, the Court finds that extending the TRO is proper because the additional time is necessary for the record to be more fully developed. (Dkt. No. 52 at 67–68). The Court, in its January 30, 2021 Scheduling Order, ordered the Defendants to produce data pertaining to individuals subject to a final order of removal. (Dkt. No. 44 at 2). The Defendants' counsel asserted that providing this information is a significant undertaking, (Dkt. No. 52 at 69–70), and in the interest of providing the Defendants with sufficient time, the Court ordered that it be produced by February 10, 2021, one day after the TRO is set to expire. (Dkt. No. 44 at 2). This information will provide for a more fulsome record that will assist the Court in adjudicating Texas's Motion for a Preliminary Injunction. Additionally, the discovery cutoff is also February 10, 2021, a day after the original TRO expires. (*Id.*). This deadline was agreed to by the parties and includes a stipulation that either party may attach evidence in supplemental briefing with respect to the preliminary injunction. (*Id.*).

Second, the deadline for the Defendants' to respond to Texas's Motion for Preliminary Injunction and Texas's deadline to file a reply both fall outside the original 14-day period. (*Id.* at 3). Accordingly, the Court finds that it is necessary to extend the TRO so that all parties will have an opportunity to fully brief these matters.

4

Third, the Court also needs time to assess the arguments and prepare a ruling on the Motion for Preliminary Injunction. This would necessarily fall outside the original 14-day period.

Fourth, for the reasons identified in the Court's initial TRO, (Dkt. No. 16), the irreparable harm that would accrue to Texas if an extension of the TRO is not granted before consideration of its Motion for a Preliminary Injunction is more substantial than any harm incurred by the Defendants. During the January 29, 2021 hearing, the Defendants argued that an extension of the TRO would multiply an "inherent constitutional injury" to the Executive's "broad discretion" in the subject matter here. (Dkt. No. 52 at 51). The Defendants also argued that the 100-day pause on removals is necessary to allow the current administration to take account important immigration, foreign policy, and humanitarian considerations. (*Id.*). These arguments are nearly identical to those the Fifth Circuit rejected in *Texas v. United States* when affirming a preliminary injunction. 809 F.3d 134, 186 (5th Cir. 2015). There, the panel concluded that the "harms the United States has identified are less substantial," in part because "the principles the government cites are more likely to be affected by the resolution of the case on the merits than by the injunction." *Id.* The Court finds the same is true here regarding the extension of the TRO. The Court may ultimately be persuaded by the Defendants' arguments, but any harm they might incur between now and then does not outweigh the potential for irreparable harm to Texas.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Texas's request for an extension. The TRO is extended for 14 days until February 23, 2021.

It is SO ORDERED.

SIGNED this February 8, 2021.

                                      **DREW B. TIPTON**
                                  **UNITED STATES DISTRICT JUDGE**