IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>    Plaintiff,<br>    v.<br>UNITED STATES OF AMERICA, *et al.*,<br>    Defendants,<br>FIEL Houston, *et al.*,<br>    Defendants-Intervenors. | Case No. 6:21-cv-0003-DBT |

### UNOPPOSED MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A MEMORANDUM OF LAW AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to FED. R. CIV. P. 7 and Local Rule 7, the Immigration Reform Law Institute ("IRLI") respectfully requests this Court's leave to file the accompanying memorandum of law as *amicus curiae* in support of the State of Texas's motion for a preliminary injunction. Pursuant to Local Rule 7, IRLI's counsel has conferred with counsel for the parties; as reflected in the accompanying Certificate of Conference, this motion is unopposed. A proposed order is attached.

### IDENTITY AND INTERESTS OF MOVANT

IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

### REASONS TO GRANT MOVANT *AMICUS CURIAE* STATUS

This Court allows the filing of *amicus* briefs in appropriate cases, including this case (ECF

1

#12) (Order dated Jan. 25, 2021). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, IRLI looks to the appellate rules' criteria for granting leave to file *amicus* briefs to support their motion here.

The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals—Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an *amicus* filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133. With that background, movant IRLI explains the relevance and value of its brief to this Court's consideration of the important issues presented here.

Movant IRLI respectfully submits that its proffered memorandum of law will bring several relevant matters to the Court's attention:

- The need to evaluate Article III standing by assuming Texas's merits views, *see* IRLI Memo. at 2, as well as the lowering of the Article III thresholds for immediacy and

redressability for procedural injuries such as failing to initiate notice-and-comment rulemaking. *See id.* at 3-4.

- The availability of judicial review, both under the Administrative Procedure Act, 5 U.S.C. §§551-706 ("APA"), and pre-APA forms of equitable and declaratory review. *See* IRLI Memo. at 4-8.

- The lack of any deference due to the Department of Homeland Security for a rule issued in violation of the substantive requirements of the Immigration and Nationality Act, 8 U.S.C. §§1101-1537, and the procedural requirements of the APA. *See* IRLI Memo. at 8-10.

- The substantive and procedural invalidity of the challenged agency action. *See* IRLI Memo. at 10-15.

- The interplay between the merits and the discretionary factors for interim injunctive relief. *See* IRLI Memo. at 16-18.

These issues are all relevant to this Court's decision on the plaintiff's motion for preliminary relief, and movant IRLI respectfully submits that its memorandum may aid the Court.

For the foregoing reasons, movant IRLI respectfully requests that the Court grant IRLI's motion for leave to file the accompanying memorandum of law as *amicus curiae*.

Dated: February 9, 2021

Christopher J. Hajec
Immigration Reform Law Institute
25 Massachusetts Avenue, NW, Suite 335
Washington, DC 20001
Tel: 202-232-5590
Fax: 202-464-3590
Email: chajec@irli.org

Respectfully submitted,

/s/ Lawrence J. Joseph
Lawrence J. Joseph
  Counsel of Record
D.C. Bar No. 464777 (admitted *pro hac vice*)
1250 Connecticut Av NW, Ste 700-1A
Washington, DC 20036
Tel: 202-669-5135
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Movant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS,
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>   Plaintiff,<br>     v.<br>UNITED STATES OF AMERICA, *et al.*,<br>   Defendants,<br>FIEL Houston, *et al.*,<br>   Defendants-Intervenors, | Case No. 6:21-cv-0003-DBT |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7, the undersigned counsel for movant Immigration Reform Law Institute ("IRLI") contacted counsel for the parties via email on February 8, 2021, to seek their respective clients' position on a motion by IRLI for leave to file a memorandum of law in support of plaintiff State of Texas's motion for a preliminary injunction (ECF #62). By email dated February 8, 2021, counsel for the federal defendants (Adam Kirschner) indicated that his clients consented to IRLI's motion, and counsel for the intervenors-defendants (Cody Wofsy) and the plaintiff (Todd Disher) indicated that their clients do not oppose IRLI's motion. (The intervenors-defendants conditioned their non-opposition on IRLI's filing by Tuesday, February 9, 2021.)

Dated: February 9, 2021

Respectfully submitted,

/s/ Lawrence J. Joseph
Lawrence J. Joseph
 Counsel of Record
D.C. Bar No. 464777 (admitted *pro hac vice*)
1250 Connecticut Av NW, Ste 700-1A
Washington, DC 20036
Tel: 202-669-5135
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Movant*

1

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of February 2021, I electronically filed the foregoing motion—together with the accompanying corporate disclosure statement, memorandum of law, declaration, and proposed order—with the Clerk using the CM/ECF system, which I understand to have served the parties' counsel who are registered in as CM/ECF users.

             /s/ Lawrence J. Joseph
             Lawrence J. Joseph