# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>*Plaintiff*,<br><br>v.<br><br>The UNITED STATES OF AMERICA, et al.,<br><br>*Defendants*. | Civ. Action No. 6:20-cv-00003 |

**THE STATE OF TEXAS'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
FIRST SET OF DISCOVERY REQUESTS**

TO: Defendants, by and through their attorney of record, Adam D. Kirschner, U.S. Department of Justice, Civil Division, Federal Programs Branch, P.O. Box 883, Washington, D.C. 20044, adam.kirschner@usdoj.gov.

Pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order issued on January 30, 2021 (ECF No. 44), Plaintiff hereby serves its objections and responses to the First Set of Discovery Requests propounded by the United States of America; David Pekoske, Acting Secretary of the United States Department of Homeland Security, in his official capacity; United States Department of Homeland Security; Troy Miller, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; Tae Johnson, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and Tracy Renaud, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity (hereinafter "Defendants").

Date: February 8, 2021

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

PATRICK K. SWEETEN
Associate Deputy Attorney General for
Special Litigation

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Deputy Chief, Special Litigation Unit
*Attorney-in-Charge*
Texas Bar No. 24081854
Southern District of Texas Bar No. 2985472

WILLIAM T. THOMPSON
Special Counsel
Texas Bar No. 24088531
Southern District of Texas Bar No. 3053077

RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085
Southern District of Texas Bar No. 3369185

Special Litigation Unit
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 936-1414
Fax: (512) 936-0545
Patrick.Sweeten@oag.texas.gov
Todd.Disher@oag.texas.gov
Will.Thompson@oag.texas.gov
Ryan.Walters@oag.texas.gov

*Counsel for the State of Texas*

2

## CERTIFICATE OF SERVICE

      I certify that on February 8, 2021, I served a copy of this document by electronic mail to all counsel listed below:

ADAM D. KIRSCHNER
BRIAN C. ROSEN-SHAUD
JOSHUA E. GARDNER
MICHAEL C. KNAPP
United States Department of Justice
Civil Division, Programs Branch
Post Office Box 883
Washington, D.C. 20044
Adam.Kirschner@usdoj.gov
Brian.C.Rosen-Shaud@usdoj.gov
Joshua.E.Gardner@usdoj.gov
Michael.F.Knapp@usdoj.gov

DANIEL D. HU
United States Attorney's Office for
the Southern District of Texas
100 Louisiana, Suite 2300
Houston, TX 77002
daniel.hu@usdoj.gov

      /s/ *Todd Lawrence Disher*
      TODD LAWRENCE DISHER
      Deputy Chief, Special Litigation Unit
      *Counsel for the State of Texas*

## **GENERAL OBJECTIONS**

Plaintiff objects to the extent that any of Defendants' requests are not proportional to the needs of the case, outside the scope of discovery, unduly burdensome, overly broad, or seek information that is not relevant to this phase of this case or equally accessible to Defendants through third-party discovery requests or other sources.

Plaintiff will provide its responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Plaintiff objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions. Plaintiff will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

Plaintiff objects to Defendant's definitions of the terms "You" to the extent it attempts to impose rules or requirements that are inconsistent with the Federal Rules of Civil Procedure or seek privileged information. The State of Texas has over 320,000 full-time employees and thousands more part-time employees spread across the general government, health and human services, public education, higher education, the judiciary, public safety and criminal justice, natural resources, business and economic development, regulatory and other state agencies, the legislature, and the Office of the Attorney General. It is impossible to represent, even after a reasonable and diligent search, that all, each, or every bit of information falling within a description can or has been assembled.

# SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail each and every specific harm and/or expense that you have incurred as a result of the Pekoske Memorandum, and/or would incur if the Pekoske Memorandum were in effect, excluding litigation expenses.

**RESPONSE:** Plaintiff objects to this request. It is unduly burdensome and not proportional to the needs of the case. It is impossible for Texas to describe "each and every specific harm" as requested in the interrogatory. Plaintiff is entitled to rely only on certain harms to demonstrate its standing, and the amount of injury is irrelevant. *See OCA-Greater Hous. v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("But the injury alleged as an Article III injury-in-fact need not be substantial; it need not measure more than an 'identifiable trifle.'") (internal citation and quotation marks omitted). The scope of any injury is also irrelevant relating to the irreparable injury prong of the requirements for a preliminary (or permanent) injunction, because "when 'the threatened harm is *more than de minimis*, it is not so much the *magnitude* but the irreparability that counts for purposes of a preliminary injunction.'" *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)) (emphases added). Plaintiff has submitted the evidence of injury it intends to rely on. In addition, Texas's agencies and all of its subdivisions do not track information relating to the immigration status of every recipient of every state benefit.

Subject to and without waving its objections, Texas identifies the following harms and expenses that it relies on at this point in the proceeding. At a minimum, Texas spends money to provide education, health care, and law-enforcement services to illegal aliens in Texas.

For example, the Texas Education Agency estimates that the average funding entitlement for 2021 will be $9,216 per student in attendance for an entire school year. If a student qualifies for the additional Bilingual and Compensatory Education weighted funding (for which most, if not all, UAC presumably would qualify), it would cost the State $11,432 to educate each student in attendance for the entire school year. Assuming additional Bilingual and Compensatory Education weighted funding, comparable student costs for fiscal year 2022 would be $11,532. *See* ECF 63-12.

Additionally, Emergency Medicaid is a federally required program jointly funded by the federal government and the states. The program provides Medicaid coverage, limited to emergency medical conditions including childbirth and labor, to undocumented immigrants living in the United States. Because HHSC Medicaid claims data do not conclusively identify an individual's residency status, the portion of Emergency Medicaid payments attributable to undocumented immigrants must be estimated. The total estimated cost to the State for the provision of Emergency Medicaid services to undocumented immigrants residing in Texas was approximately $80 million in SFY 2007, $62 million in SFY 2009, $71 million in SFY 2011, and $90 million in SFY 2013; the estimate for SFY 2015 is $73 million. ECF 62-13.

Also, in one year alone, Texas housed 8,951 undocumented criminal aliens for a total of 2,439,110 days. Texas's estimated cost to do so was $152,054,117, of which only $14,657,739 was reimbursed by the federal government. ECF 62-10.

The cost to provide those services will increase should the 100-day pause take effect. The pause will increase the number of illegal aliens in Texas, meaning that Texas will have to spend more money to provide those services to that larger population. "For standing purposes, Texas need not plead damages from a particular individual when it pleads and has proof that it is being damaged by the entire program." *Texas v. United States*, 328 F. Supp. 3d 662, 702 (S.D. Tex. 2018).

**INTERROGATORY NO. 2:**
Describe in detail each and every social service that you provide to undocumented non-citizens subject to a final order of removal, as referenced in ¶ 34 of your Complaint, including the total amount that you spent on that service, and/or that you, for future periods, budgeted to spend on that service, for each month beginning in January 2020 and ending August 31, 2021.

**RESPONSE:** Plaintiff objects to this request. It is unduly burdensome and not proportional to the needs of the case. It is impossible for Texas to describe "each and every social service" as requested in the interrogatory. Plaintiff is entitled to rely only on certain harms to demonstrate its standing, and the amount of injury is irrelevant. *See OCA-Greater Hous. v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) ("But the injury alleged as an Article III injury-in-fact need not be substantial; it need not measure more than an 'identifiable trifle.") (internal citation and quotation marks omitted). The scope of any injury is also irrelevant relating to the irreparable injury prong of the requirements for a preliminary (or permanent) injunction, because "when 'the threatened harm is *more than de minimis*, it is not so much the *magnitude* but the irreparability that counts for purposes of a preliminary injunction.'" *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)) (emphases added). In addition, Texas's agencies and all of its subdivisions do not track information relating to the immigration status of every recipient of every state benefit.

Subject to and without waiving its objections, Texas has submitted the evidence of the social services provided to illegal aliens that it intends to rely on. Texas provides education, health care, and law-enforcement services to illegal aliens in Texas. *See* ECFs 62-10, 62-12, 62-13.

**INTERROGATORY NO. 3**: For each social service that you identified in response to Interrogatory No. 2, provide the amount that you would have expended on that service in excess of the amount you had previously budgeted, if the Pekoske Memorandum were in effect, for the period beginning January 21, 2021 and ending January 26, 2021, and for each month beginning in February 2021 and ending August 31, 2021

**RESPONSE:** Plaintiff objects to this request. Plaintiff cannot answer this interrogatory as it concerns a future event contingent on many factors and therefore calls for speculation. Further, the request does not concern any facts that have ever been in existence. Any response would not be based on any empirical knowledge or opinion based on such knowledge of facts and is therefore speculative. There is no information Plaintiff knows or can readily obtain that is sufficient to enable it to answer this interrogatory.

**INTERROGATORY NO. 4:** Identify each and every benefit you receive from the presence of undocumented non-citizens in your state, including without limitation the amount of any tax revenues, any tuition revenues to state and/or local educational institutions, any decrease in the use of any social service by minor and/or other individuals supported by undocumented non-citizens, any increase in federal funding, and any other monetary and/or nonmonetary benefit.

**RESPONSE:** Plaintiff objects to this request. Any purported benefits Plaintiff receives as a result of the Pekoske Memorandum are irrelevant to Plaintiff's standing based on its injuries from the same. *See Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015) ("Once injury is shown, no attempt is made to ask whether the injury is outweighed by benefits the plaintiff has enjoyed from the relationship with the defendant. Standing is recognized to complain that some particular aspect of the relationship is unlawful and has caused injury. Our standing analysis is not an accounting exercise....") (internal quotation marks and citations omitted). Furthermore, given the truncated response period for this expedited discovery, it is unduly burdensome to identify every possible benefit to Plaintiff and submit this to Defendants in time.

**INTERROGATORY NO. 5**: For the period from January 2017 through January 2021, describe in detail each and every instance where you did not honor a DHS request for assistance.

**RESPONSE:** In the limited time allowed to respond to these interrogatories Texas has not been able to identify any instance of its refusal to honor a DHS request for assistance at this time. Presumably, Defendants have equal to or greater access to this information regarding this inquiry than Texas, since the request seeks Texas's response to DHS for assistance.

**INTERROGATORY NO. 6**: If you deny any Request for Admission, describe in detail the basis for your denial.

**RESPONSE:** Plaintiff can neither admit nor deny Request for Admission No. 1 as it concerns a future event contingent on many factors; the request does not concern any facts that have ever been in existence. Any response would be speculation not based on any empirical knowledge or opinion based on such knowledge of facts. There is no information Plaintiff knows or can readily obtain that is sufficient to enable it to admit or deny. The request therefore does not fall within either of the two categories of information for which requests for admission may be made. *See* Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.").

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that, for the period through August 31, 2021, your expenditures for each social service identified in response to Interrogatory No. 2 will not exceed the amount budgeted for those services even if the Pekoske Memorandum were in effect.

**RESPONSE:** Plaintiff can neither admit nor deny this request as it concerns a future event contingent on many factors; the request does not concern any facts that have ever been in existence. There is no information Plaintiff knows or can readily obtain that is sufficient to enable it to admit or deny. The request therefore does not fall within either of the two categories of information for which requests for admission may be made. *See* Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.").