IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>*Plaintiff*,<br><br>v.<br><br>The UNITED STATES OF AMERICA; DAVID PEKOSKE, Acting Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*. | Civ. Action No. 6:21-cv-00003 |

TEXAS'S REPLY IN SUPPORT OF ITS
MOTION FOR PRELIMINARY INJUNCTION

# EXHIBIT 19

DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.* <br><br> Defendants. | No. 6:21-cv-00003 |

### DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, and pursuant to the Court's January 30, 2021 Scheduling Order, ECF No. 44, Defendants the United States of America; the U.S. Department of Homeland Security (DHS); David Pekoske, Acting Secretary of Homeland Security, in his official capacity; Troy Miller, Acting Commissioner of U.S. Customs and Border Protection (CBP), in his official capacity; Tae Johnson, Acting Director of U.S. Immigration and Customs Enforcement (ICE), in his official capacity; and Tracy Renaud, Acting Director of U.S. Citizenship and Immigration Services (USCIS), in her official capacity, hereby submit the following supplemental objections and responses to Plaintiff's First Set of Discovery Requests. *See* Fed. R. Civ. P. 26(e). These responses are based on Defendants' reasonable and diligent investigation to date and represent the best information currently available, and will be supplemented pursuant to Federal Rule of Civil Procedure 26(e) as warranted if additional responsive, non-privileged information becomes known.

## OBJECTIONS TO DEFINITIONS

1.     Defendants object to Plaintiff's Definition No. 1 to the extent the term "you" is defined as including "any entity or person(s) acting at your direction or on your behalf, whether or not such persons or entities are subdivisions, employees, or officers of the Defendants the United States of America," as such a definition is inherently overbroad and unduly burdensome. This definition of "you" would require, within seven days, Defendants to comb the entirety of the United States government to find information responsive to these requests. This would create an undue burden and would not be proportionate to the needs of the case, particularly given that Plaintiff is challenging a Memorandum issued by the Department of Homeland Security. Accordingly, unless otherwise noted, these responses are limited to knowledge within the possession, custody, or control of the Department of Homeland Security.

## GENERAL OBJECTIONS

1.     Defendants object to Plaintiff's discovery requests on the grounds that they greatly exceed the scope of permissible discovery in APA cases. The Court's review under the APA is limited to a determination of whether the Pekoske Memorandum is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). Judicial review under this standard is limited to the administrative record that was before the decision-making agency and may not include a new record constructed by the reviewing court. *Camp v. Pitts*, 411 U.S. 138, 143 (1973). Indeed, "[i]f the record before the agency does not support the agency action, if the agency has not considered all the relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Accordingly, any discovery sought concerning Plaintiff's APA claims is inappropriate.

2.      Defendants object to each and every request to the extent that it is deemed to require disclosure of matters subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges, including the deliberative process privilege and the presidential communications privilege. Defendants will not provide privileged information in response to Plaintiff's discovery requests.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1**: Describe in detail every entity with which DHS has entered into a Memorandum of Understanding similar to the Memorandum of Understanding DHS entered into with Texas, including the dates when those Memoranda of Understanding were executed.

**Response:** Subject to and without waiving the foregoing objections, DHS currently is aware of Memoranda of Understanding similar to the Memorandum of Understanding DHS entered into with Texas with the following entities:

- Alabama signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli and Governor Kay Ivey. The document was purportedly fully executed on January 19, 2021;

- Arizona signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli and Attorney General Mark Brnovich. The document was purportedly fully executed on January 8, 2021;

- Indiana signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli and Attorney General Curtis T. Hill. The document was purportedly fully executed on January 8, 2021;

- Louisiana signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli and Attorney General Jeff Landry. The document was purportedly fully executed on January 8, 2021;

- Montana signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli, Governor Greg Gianforte, and Attorney General Austin Knudsen. The document was purportedly fully executed January 12, 2021;

- South Carolina signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli and Attorney General Alan Wilson. The document was purportedly fully executed on January 8, 2021;

- Texas signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli, Governor Greg Abbott, and Attorney General Ken Paxton. The document was purportedly fully executed on January 8, 2021;

- West Virginia signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli, Governor Jim Justice, Attorney General Patrick Morrisey, and Deputy Attorney General John S. Gray. The document was purportedly fully executed on January 15, 2021; and

- The Sheriff of Rockingham County, North Carolina signed by Senior Official Performing the Duties of Deputy Secretary Cuccinelli and Sheriff of Rockingham County, North Carolina Sam Scott Page. The document was purportedly fully executed on January 12, 2021, although there is no date indicating when Sheriff of Rockingham County, North Carolina Sam Scott Page signed the agreement.

Although DHS does not believe that any of these agreements are legally valid, in an abundance of caution, on February 2, 2021, DHS terminated all of the above agreements effective immediately. Each of the above entities were mailed a copy of the termination letter.

**Interrogatory No. 2:** Describe in detail why David Pekoske, Acting Secretary of Homeland Security, had the authority to sign the Pekoske Memorandum.

-4-

**Objections:**  DHS objects to Interrogatory No. 2 on the grounds that it calls for a legal conclusion.

**Response:** Subject to and without waiving the foregoing objections, DHS states that David Pekoske possessed the authority to sign the Pekoske Memorandum because he was properly serving as the Acting Secretary on January 20, 2021.

**Interrogatory No. 3**:  Identify each individual with whom you consulted regarding the decision to pause removals for 100 days as reflected in Section C of the Pekoske Memorandum prior to its issuance on January 20, 2021.

**Objections:** DHS objects to the term "consulted" as vague and ambiguous, and further objects on the grounds that the interrogatory as drafted is overbroad and unduly burdensome, as it purports to seek all consultations throughout the federal government concerning Section C of the Pekoske Memorandum.  DHS accordingly will interpret this interrogatory as seeking information concerning whom Acting Secretary Pekoske discussed Section C of the Pekoske Memorandum before its issuance on January 20, 2021.

**Response:** Subject to and without waiving the foregoing objections, DHS states that David Pekoske consulted with Karen Olick, Chief of Staff; Jeffery Rezmovic, Deputy Chief of Staff; Isabella Ulloa, Deputy Chief of Staff; David Shahoulian, Assistant Secretary for Border Security and Immigration Policy; Ur Jaddou, DHS Agency Review Team; and Jonathan Meyer, DHS Agency Review Team.

**Interrogatory No. 4**:  Identify each individual who authored, co-authored, or provided input to the Pekoske Memorandum prior to its issuance on January 20, 2021.

**Objections:**  DHS objects to the phrase "provided input" as vague and ambiguous.  DHS will interpret this phrase to mean the identification of individuals who provided substantive input to the Pekoske Memorandum.  DHS further objects to the phrase "authored" as vague and ambiguous.

DHS will interpret this phrase to mean the identification of the individuals who substantively drafted the Pekoske Memorandum.

**Response:**  Subject to and without waiving the foregoing objections, DHS lacks knowledge regarding who authored, co-authored, or provided input to the Pekoske Memorandum prior to its issuance on January 20, 2021.  DHS acknowledges that the .pdf version of the Pekoske Memorandum on the DHS website purports to identify Esther M. Olavarria as an "author" of the document.  DHS lacks knowledge as to what role, if any, Ms. Olavarria had in drafting or providing input to the Pekoske Memorandum.

**Supplemental Response:**  Subject to and without waiving the foregoing objections, DHS can identify Esther Olavarria, Justin Florence and David Shahoulian as providing substantive input to the Pekoske Memorandum prior to its issuance on January 20, 2021.  DHS acknowledges that the .pdf version of the Pekoske Memorandum on the DHS website purports to identify Esther M. Olavarria as an "author" of the document.  DHS lacks knowledge as to what role, if any, Ms. Olavarria had in drafting the Pekoske Memorandum.

**Interrogatory No. 5**:  If you deny any of Texas's Requests for Admission, describe in detail the basis for your denial.

**Response:**  Because DHS has not denied any of Texas' Requests for Admissions, it has no information to provide in response to this interrogatory.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1**:  Admit that Texas did not get reimbursed by the Federal government for all of the money that Texas spends to provide public education to individuals who are in the country unlawfully.

**Response:** Subject to and without waiving the foregoing objections, after reasonable inquiry, the information DHS knows or can readily obtain is insufficient to enable it to admit or deny this request.

**Request for Admission No. 2:**  Admit that Texas does not get reimbursed by the federal government for all of the money that Texas spends to provide certain Medicaid services to individuals who are in the country unlawfully.

**Response:** Subject to and without waiving the foregoing objections, after reasonable inquiry, the information DHS knows or can readily obtain is insufficient to enable it to admit or deny this request.

**Request for Admission No. 3:**  Admit that Texas does not get reimbursed by the federal government for all of the money that Texas spends to house individuals who are in the country unlawfully in Texas's prisons.

**Response:** Subject to and without waiving the foregoing objections, after reasonable inquiry, the information DHS knows or can readily obtain is insufficient to enable it to admit or deny this request.

**Request for Admission No. 4:**  Admit that Ester Olavarria drafted the initial version of the Pekoske Memorandum.

**Response:** Subject to and without waiving the foregoing objections, after reasonable inquiry, the information DHS knows or can readily obtain is insufficient to enable it to admit or deny this request.

As to the interrogatories, see Attachments.

As to the objections and responses to the requests for admissions:

Dated: February 12, 2021                    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

AUGUST FLENTJE
Special Counsel

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Adam D. Kirschner
ADAM D. KIRSCHNER
Attorney-in-charge
IL Bar. No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
MICHAEL F. KNAPP
CA Bar No. 314104
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265
Fax: (202) 616-8460
Email: Adam.Kirschner@usdoj.gov
          Brian.C.Rosen-Shaud@usdoj.gov
          Michael.F.Knapp@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address
1100 L Street NW, Room 11020
Washington, D.C. 20005
*Attorneys for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415

S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov
*Local Counsel*

# ATTACHMENT A

I declare under penalty of perjury that interrogatories 1, 2, and 3 are true and correct to the best of my knowledge as it relates to the Department of Homeland Security.

*Mary Kate Whalen*  2/10/2021

Mary Kate Whalen
Acting Chief of Staff
for the Senior Official Performing the Duties
of the Deputy Secretary
U.S. Department of Homeland Security

# ATTACHMENT B

I declare under penalty of perjury that the supplemental response to interrogatory 4 is true and correct to the best of my knowledge as it relates to the Department of Homeland Security.

David J. Palmer
Chief of Staff, Office of the General Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Supplemental Objections and Responses to Plaintiff's Discovery Requests was served on counsel for Plaintiff via email on February 12, 2021.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER