United States District Court
Southern District of Texas
**ENTERED**
March 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **STATE OF TEXAS,**　§<br>　§<br>　Plaintiff,　§<br>　§<br>v.　§<br>　§<br>**The UNITED STATES OF AMERICA;**　§<br>**DAVID PEKOSKE,** Acting Secretary of　§<br>The United States Department of Homeland §<br>Security, in his official capacity;　§<br>**UNITED STATES DEPARTMENT OF**　§<br>**HOMELAND SECURITY; TROY**　§<br>**MILLER,** Senior Official Performing the　§<br>Duties of the Commissioner of U.S. Customs §<br>and Border Protection, in his official　§<br>capacity; **U.S. CUSTOMS AND BORDER** §<br>**PROTECTION; TAE JOHNSON,** Acting　§<br>Director of U.S. Immigration and　§<br>Customs Enforcement, in his official　§<br>capacity; **U.S. IMMIGRATION AND**　§<br>**CUSTOMS ENFORCEMENT; TRACY**　§<br>**RENAUD,** Senior Official Performing the　§<br>Duties of the Director of the U.S. Citizenship §<br>And Immigration Services, in her official　§<br>capacity; and **U.S. CITIZENSHIP**　§<br>**AND IMMIGRATION SERVICES,**　§<br>　§<br>　Defendants,　§<br>　§<br>**FIEL HOUSTON and REFUGEE AND**　§<br>**IMMIGRANT CENTER FOR**　§<br>**EDUCATION AND LEGAL SERVICES,** §<br>　§<br>　Intervenors.　§ | Civil Action No. 6:21-cv-00003 |

## **ORDER**

Pending before the Court is William F. Reade, Jr.'s Motion for Leave to File Amicus Brief in Support of the Plaintiff ("Motion"). (Dkt. No. 86). After reviewing the Motion, the record, and the applicable law, the Motion is **DENIED** for the following reasons.

"The extent to which the court permits or denies *amicus* briefing lies solely within the court's discretion." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008); *see also Waste Mgmt. of Pa., Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.") (collecting cases). Indeed, "[n]o statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief . . . ." *Deloitte Consulting LLP*, 512 F. Supp. 2d at 927. In the absence of authority governing a district court's decision to grant or deny a nonparty's motion for leave to file an amicus brief, "district courts commonly refer to Rule 29 [of the Federal Rules of Appellate Procedure] for guidance."[1] *Id.* Moreover, "[f]actors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is '*timely and useful*' or otherwise *necessary to the administration of justice*." *Id.* (emphases added); *see also Trahan v. Long Beach Mortg. Co.*, No. 9:05-CV-29 (TH/KFG), 2006 WL 8440677, at *1 n.1 (E.D. Tex. Feb. 9, 2006) ("Because there is no general right of non-parties to be heard in pending litigation, it is incumbent on those seeking amicus status to request leave to appear whereby they demonstrate that their participation is both *timely and useful*." (emphasis added)); *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)

---

[1] Applying Rule 29 of the Federal Rules of Appellate Procedure, the Fifth Circuit has said that, "[w]hether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012). In exercising this grace, the Fifth Circuit has denied a motion for leave to file an amicus brief under Rule 29, for instance, where the "motion [was] untimely, that the issue [the movant sought] to address ha[d] been adequately briefed by the [parties], and that granting [the] motion would result in the needless delay of [the] case's disposition." *Ysleta Del Sur Pueblo v. El Paso Cty. Water Improvement Dist. No. 1*, 222 F.3d 208, 209 (5th Cir. 2000) (citing FED. R. APP. P. 29); *see also In re Halo Wireless, Inc.*, 684 F.3d at 596 ("Because the MoPSC's brief does not meet the requirements of Rule 29, and we do not find that it adds anything consequential to our consideration of this case, Halo's motion to strike is granted.").

("A motion for leave to file an amicus curiae brief, however, *should not be granted* unless the court deems the proffered information *timely and useful* . . . ." (emphasis added) (citations, emphasis, and quotation marks omitted)).

Here, the Proposed Amicus Brief attached to the Motion is neither timely, useful, nor necessary to the administration of justice. First, the Motion was filed six days *after* the Court granted Texas's Motion for Preliminary Injunction. (Dkt. Nos. 85, 86). Second, the substance of the Motion does not directly address any of the relevant issues before the Court in this case. Lastly, because there are no pending motions before this Court and the Proposed Amicus Brief addresses issues not relevant to the instant case, the Court finds that the Proposed Amicus Brief is not necessary to the administration of justice. Therefore, the Proposed Amicus Brief is neither timely, useful, nor necessary in this case.

For these reasons, the Motion is **DENIED.**

It is SO ORDERED.

SIGNED this March 5, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**